IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMISON MICHAEL STILES,

                Petitioner,

  v.

LOUIS WILLIAMS, II,

                Respondent.

OPINION & ORDER

17-cv-471-jdp

---

      Pro se petitioner Jamison Michael Stiles is a prisoner in the custody of the Federal Bureau of Prisons (BOP) currently housed at the Federal Correctional Institution in Oxford, Wisconsin (FCI-Oxford). He is serving a sentence for a 2014 conviction for being a felon in possession of a firearm. Stiles has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his sentence under *Mathis v. United States*, 136 S. Ct. 2243 (2016).

      The petition is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, I will dismiss the petition only if it plainly appears that Stiles is not entitled to relief. As discussed below, Stiles is not entitled to the relief that he seeks, so I will dismiss the petition.

ALLEGATIONS OF FACT

      I draw the following facts from Stiles's petition, Dkt. 1, and publicly available case records.

---

[1] Courts may apply this rule to habeas petitions not brought pursuant to § 2254, including § 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases; *see also* § 2243.

In 2014, Stiles pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) in the United States District Court for the Western District of Missouri. In 2016, he was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924, which imposes a mandatory minimum 15-year sentence of imprisonment on defendants convicted of being a felon in possession of a firearm who have three or more previous convictions for serious drug offenses or violent felonies. (Without the ACCA sentencing enhancement, the felon-in-possession statute sets a 10-year maximum sentence with no minimum. *See* § 924(a)(2).) Stiles says that the sentencing judge found that the ACCA applied to him because of five prior Missouri convictions for "sale of a controlled substance." *Id.* at 8. Court records indicate that he had five class B felony convictions under Missouri Revised Statute § 195.211. *See United States v. Stiles*, No. 13-cr-340, Dkt. 41-1 (W.D. Mo. Dec. 24, 2014). The court sentenced Stiles to 94 months of imprisonment. The court imposed a sentence below the mandatory minimum because of Stiles's substantial assistance in the investigation or prosecution of another person who has committed an offense, as allowed by 18 U.S.C. § 3553(e).

In 2016, Stiles moved to vacate or set aside his conviction under 28 U.S.C. § 2255 in the Western District of Missouri. The motion was denied. Stiles then filed a petition for a writ of habeas corpus under § 2241 in this court.

ANALYSIS

Although postconviction relief to federal prisoners generally must proceed under § 2255, Stiles brings this challenge under § 2241. To obtain relief under § 2241, a habeas petitioner must satisfy three conditions. First, the prisoner must show that he relies on a judicial decision in "a 'statutory-interpretation case,' rather than a 'constitutional case.'" *Brown v.*

*Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). "Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion." *Id.* Third, the prisoner must demonstrate that there was "a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.* (quoting *Rios*, 696 F.3d at 640). Stiles plainly cannot satisfy the third condition, so I must dismiss his petition.

Stiles, who was sentenced under the ACCA, challenges his sentence under *Mathis*, a recent U.S. Supreme Court decision. In *Mathis*, the Court reaffirmed the proper process for determining whether a defendant's prior state-law conviction is a violent felony under the ACCA: the "categorical approach." 136 S. Ct. at 2248. Under the categorical approach, the sentencing court should look to the statutory definition of the offense to see if the elements satisfy the ACCA's definition of a violent felony. Only if the state law "define[s] multiple crimes" by listing "elements in the alternative," that is, if it is "divisible," should the sentencing court use the "modified categorical approach," which permits a court to look at a "limited class of documents [from the record of a prior conviction] to determine what crime, with what elements, a defendant was convicted of" and then review those elements to see if they satisfy the ACCA's definition. *Id.* at 2249.

Stiles satisfies the first condition, because *Mathis* is a statutory-interpretation case. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016). As for the second condition, I assume that *Mathis* applies retroactively. *See Jackson v. Williams*, No. 17-cv-319, 2017 WL 3668850, at *2 (W.D. Wis. Aug. 23, 2017).

But Stiles cannot obtain relief under § 2241 because he cannot satisfy the third condition. That is, he cannot demonstrate that there was *any* error in his sentencing, let alone

3

a grave enough error to be deemed a miscarriage of justice. I take Stiles to contend that under *Mathis*, the sentencing court erroneously found that his prior Missouri convictions for sale of a controlled substance were serious drug offenses.

The ACCA defines a serious drug offense as "an offense . . . involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Stiles was convicted of selling marijuana under Missouri Revised Statute § 195.211.2. In 1992, when Stiles committed these crimes, § 195.211 prohibited the distribution, delivery, manufacture, or production (or the attempt or possession with intent to do one of those things) of a controlled substance. It provided that

> 2. Any person who violates or attempts to violate this section with respect to any controlled substance except five grams or less of marihuana is guilty of a class B felony.
>
> 3. Any person who violates this section with respect to distributing or delivering not more than five grams of marihuana is guilty of a class C felony.

At the time, the maximum term of imprisonment for a class B felony was 15 years; the maximum term of imprisonment for a class C felony was seven years. *See* Mo. Rev. Stat. § 558.011.

Stiles takes issue with two words: "sale" and "delivery." He argues that the presence of those words make the Missouri statue broader than the ACCA's definition of a serious drug offense and therefore, under the categorical approach, Stiles's prior convictions do not qualify as predicate offenses under the ACCA. I'll address the word sale first. Although Stiles and the state sentencing court characterized his offenses as sales, § 195.211 does not include that word. If *Mathis* teaches us nothing else, it is that the statute, not the factual specifics of the

4

defendant's conviction, is what matters. So whether "sale" is included in the ACCA's definition of a serious drug offense simply doesn't matter because it is not included in the Missouri statute either.

As for delivery, it is included in the ACCA's definition of a serious drug offense. *See United States v. Brown*, 408 F.3d 1016, 1018 (8th Cir. 2005) (concluding that a conviction under § 195.211 is a serious drug offense under the ACCA because "deliver" and "distribute" are redundant); *United States v. Henton*, 374 F.3d 467, 469 (7th Cir. 2004) (concluding that an Illinois conviction for possession with intent to deliver is a serious drug offense under the ACCA). Therefore, regardless whether the sentencing court applied the categorical approach or the modified categorical approach, its determination that a class B felony conviction under § 195.211 qualified as a serious drug offense was correct.

I'll address one other potential *Mathis* challenge to § 195.211, even though Stiles does not make this argument. Paragraph 3 of the statute provides for a seven-year maximum sentence, which is three years short of the ten-year maximum necessary to qualify as a serious drug offense under the ACCA. If § 195.211 is not divisible, it cannot qualify as a serious drug offense. But under *Mathis*, § 195.211 is clearly divisible—it defines multiple crimes, each with its own maximum sentence, and lists elements in the alternative. *See Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements."). Stiles was convicted of a class B felony under paragraph 2, which provided for a 15-year maximum sentence, so under the modified categorical approach, Stiles's convictions qualify as serious drug offenses.

It plainly appears that Stiles is not entitled to relief under § 2241, so I will dismiss his petition.

ORDER

IT IS ORDERED that:

1. Petitioner Jamison Michael Stiles's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED, and this case is DISMISSED.

2. The clerk of court is directed to enter judgment in favor of respondent Louis Williams, II, and close this case.

Entered October 31, 2017.

                      BY THE COURT:

                      /s/
                      _____
                      JAMES D. PETERSON
                      District Judge